UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELIA M. TORRES-RAMOS,<br><br>        Plaintiff,<br><br>    v.<br><br>PROCOLLECT INC.,<br><br>        Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Delia M. Torres-Ramos, the Plaintiff herein, by her attorneys, as and for her complaint against the Defendant PROCOLLECT INC., ("PRO"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. The Plaintiff is a natural person and resident of the State of New York.

6. Defendant transacts business in the Southern District of New York, therefore, jurisdiction is established.

## PARTIES

7. At all relevant times, Plaintiff Delia M. Torres-Ramos has resided in the State of New York. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

8. Defendant PROCOLLECT INC. was and is a foreign business corporation that did transact and does now presently transact business in the State of New York. PRO can be served at its principal executive office 12170 N. Abrams Road, Suite 100, Dallas, Texas 75243.

9. Upon information and belief, the principal purpose of PRO is the collection of debts using the legal system, consumer reporting agencies, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

10. PRO is engaged in the business of collecting debts.

11. PRO is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

12. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

13. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

14. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant.

15. At no time has Plaintiff owed any debt to Defendant.

16. At no time has Plaintiff had any accounts open with Defendant.

17. At no time has Plaintiff had any personal credit accounts with Defendant.

18. At no time has Plaintiff had any personal business relationship with Defendant.

19. At no time has Defendant been in possession of a signed contract between Plaintiff and any other entity.

20. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

21. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

## Collection Attempts

22. On or around January 4, 2021, Plaintiff reviewed her personal credit file maintained by Experian Information Solutions, Inc., ("Experian") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

23. On or around December 30, 2020, Plaintiff reviewed her personal credit file maintained by Equifax Information Services, LLC, ("Equifax") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

24. On or around May 17, 2021, Plaintiff reviewed her personal credit file maintained by Trans Union, LLC, ("Trans Union") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

25. Defendant's representations to Experian, Equifax and Trans Union are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. Within the Experian and Equifax reports, Defendant reported that Plaintiff opened the account with PRO in April 2016.

27. Within the Trans Union report, Defendant reported that Plaintiff opened the account with PRO on April 15, 2016.

28. Defendant's representations to Experian, Equifax and Trans Union were false and deceptive because Defendant does not report these as the dates the account was opened with the original creditor. Defendant instead creates the false narrative that PRO is the original creditor that Plaintiff opened the account that resulted in the alleged debt.

29. This is clearly the case within Plaintiff's Equifax report where, PRO does in fact reports that it is the original creditor of the alleged debt.

30. Moreover, Defendant's false reporting to Equifax continues with their reporting of the date of delinquency of the alleged account is April 2015. This is confusing to say the least, because how can a delinquency occur on a date before the alleged account was opened?

31. Within the Experian report, Defendant reported that the alleged account type was "collection". This is false and deceptive because "collection" is not an account type a consumer would apply for.

32. Within the Trans Union report, Defendant reported that the alleged loan type was "collection agency/attorney". This is false and deceptive because "collection agency/attorney" is not a loan type a consumer would apply for.

33. Within the Experian and Equifax and Trans Union reports, Defendant reported that the Plaintiff had a balance of $2,599 with PRO. Defendant's representations are false and deceptive because the Plaintiff did not have a balance of that amount with PRO or any other entity.

34. PRO has continued its collection efforts by its false and deceptive representations to Experian, Equifax and Trans Union.

35. Defendant's false and deceptive representations to Experian, Equifax and Trans Union have damaged the Plaintiff in that Plaintiff's credit profile is tainted and her debt-to-income

ratio is severely affected, which have adversely affected her credit standing which has hindered her ability to apply for and benefit from credit.

36. Defendant's reporting to the credit reporting bureaus, regarding the date the account was opened, and the date of delinquency are patently false because there is no credit agreement or contract between Defendant and the Plaintiff.

37. Defendant is clearly engaging in the practice of "re-aging" of the accounts, in which it creates the false narrative that the account is a new account to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report.

38. There is no agreement in writing between the Defendant and the Plaintiff that authorized the collection of this alleged debt.

39. Consequently, Defendants have maliciously sought to collect the debt from the Plaintiff.

40. Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

41. In light of the facts articulated herein, Defendant engaged in conduct in an attempt to oppress and harass Plaintiff into paying a debt.

42. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false and misleading representations or utilizing deceptive means.

43. In light of the facts articulated herein, Defendant attempted to collect a debt by intentionally mischaracterizing and misrepresenting the character and legal status of the debt.

44. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false credit information.

45. In light of the facts articulated herein, Defendant utilized unfair and unconscionable means to collect the alleged debt.

46. In light of the facts articulated herein, Defendant attempted to collect a debt not authorized by an agreement creating the debt.

47. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## ALLEGATIONS OF LAW

48. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

49. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

50. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

51. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

52. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## COUNT I

## Violations of the Fair Debt Collection Practices Act

53. Plaintiff adopts and realleges the foregoing as fully stated herein.

54. Defendant violated the FDCPA.

55. Defendant's violations include, but are not limited to the following: d, e, and f.

   i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

   ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

   iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

   iv. Defendant violated 15 U.S.C. § 1692e(8) by communicating false credit information;

   v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

   vi. Defendant violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law.

56. Defendant's violations of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

57. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

58. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety, and humiliation as a result of Defendant's abusive attempts to collect a debt.

59. Defendant's violation of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1)*.

60. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II

### Violations of the New York General Business Law § 349

61. Plaintiff adopts and realleges the foregoing as fully stated herein.

62. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

63. Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

64. Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

65. As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered

emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

66. Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

67. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Delia M. Torres-Ramos prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. §1692k against each and every Defendant and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

d. Declare that the Defendant violated the NY GBL;

e. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Delia M. Torres-Ramos demands trial by jury.

Dated: September 21, 2021

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE, PC**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile:  (212)  766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**